[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2005
THOMAS K. KAHN
CLERK

No. 04-11372
Non-Argument Calendar

_____

D. C. Docket No. 03-00063-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS E. ALCANTARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 7, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Last year, we affirmed the appellant's sentence of two concurrent eighteen-month terms and a $4,000 fine for conspiring to transport and transporting in interstate commerce stolen goods worth over $5,000. United States v. Alcantara, No. 04-11372 (11th Cir. Nov. 19, 2004). In doing so, we rejected his challenge based on Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), due in part to our prior holding that Blakely did not apply to the federal sentencing guidelines. The case is now back before us on remand from the Supreme Court for further consideration in light of Booker v. United States, 543 U.S. __, 125 S. Ct. 738 (2005).

Because Alcantara raised the Booker-related issue for the first time in his initial brief to this court, we review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Thus, we may reverse Alcantara's sentence under Booker only if there is: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. The first two prongs of this test are satisfied where a district court has imposed a sentence under the mandatory guideline system based on facts that were neither found by a jury nor admitted by the defendant. Id. at 1298–99. The third prong is met, however, only when the defendant shows a reasonable probability that his sentence would have been

2

different absent the error.  Id. at 1299.

Here, both parties agree that the sentence imposed on Alcantara satisfies the first two prongs of the plain error test because it was imposed under the mandatory guideline regime and based on facts beyond those admitted by him or found by the jury.  Thus, the question of whether Alcantara is entitled to a new sentence under Booker turns on whether he has carried his burden of showing prejudice under the third-prong of the plain error test.

Alcantara admits that he "is precluded from relief under Rodriguez" as to the eight-level sentencing enhancement applied by the district court.  Appellant's Supp. Br. at 6.  He acknowledges that there is nothing to indicate his sentence would have been different had the district court applied the guidelines in an advisory rather than a mandatory way and that, therefore, he cannot show prejudice under the third-prong of plain error.

Alcantara contends, however, that he has shown the requisite prejudice as to the $4,000 fine imposed by the district court because "the fact that the district court imposed the very bottom or minimum fine allowed by the mandatory sentencing guidelines is an indication that the court would have imposed a lesser fine if it knew it had the discretion."  Appellant's Supp. Br. 7.

We have previously said that the mere fact that a district court sentences a

3

defendant to the bottom of the applicable guidelines range "does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." United States v. Fields, __ F.3d __, No. 04-12486, 2005 WL 1131778, *4 (11th Cir. May 16, 2005). That is because "that fact alone is too speculative, and more than speculation is required" for a defendant to carry his burden of showing a probability of a different result. Id. The same is true here. That the district court imposed the minimum fine called for by the guidelines is insufficient to show a reasonable probability of a different result. Given that Alcantara has pointed to nothing else to demonstrate that the district court would have imposed a lesser fine under an advisory guidelines regime, he has failed to carry his burden of showing prejudice under the third-prong and he is not entitled to relief.

**OPINION EXTENDED; AFFIRMED.**